David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
Calvin W. Davis (SBN 306264)
davisc@cmtlaw.com
CARLSON & MESSER LLP
5901 West Century Boulevard, Suite 1200,
Los Angeles, California 90045
Tel: (310) 242-2200
Fax: (310) 242-2222

Attorneys for Defendant,
MIDWEST RECOVERY SYSTEMS, LLC,

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAHAR SENGEL,<br><br>                    Plaintiff,<br><br>        vs.<br><br>MIDWEST RECOVERY SYSTEMS,<br>LLC,<br><br>                    Defendant. | CASE NO. 5:20-cv-01302-CBM-SP<br><br>**ANSWER TO COMPLAINT** |

COMES NOW Defendant MIDWEST RECOVERY SYSTEMS, LLC ("Defendant"), by and through its counsel of record, hereby answers the Complaint under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA") of Plaintiff BAHAR SENGEL ("Plaintiff"), by admitting, denying and alleging as follows:

**NATURE OF THE ACTION**

1.      Answering Paragraph 1, Defendant admits Plaintiff brought this action under the FDCPA, TCPA and RFDCPA.  Except as specifically admitted to herein, Defendant denies all remaining allegations in Paragraph 1.

**JURISDICTION AND VENUE**

2.      Defendant denies the allegations in Paragraph 2 as they call for a legal conclusion.

3.      Defendant denies the allegations in Paragraph 3 as they call for a legal conclusion.

**PARTIES**

4.      Defendant presently lacks sufficient knowledge to admit or deny the allegations in Paragraph 4, and thereby denies them at the present time as they are vague, ambiguous, lack foundation and constitute a legal conclusion.

5.      Defendant denies the allegations in Paragraph 5 as they call for a legal conclusion.

6.      Answering Paragraph 6, Defendant admits that as a part of its business practice it engages in the collection of debt.  Defendant admits it has a location at 2747 West Clay Street, Suite A, St. Charles, Missouri.  Except as specifically admitted to herein, Defendant denies all remaining allegations in Paragraph 6.

7.      Defendant denies the allegations in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint.

**FACTS SUPPORTING CAUSES OF ACTION**

9.      Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23.    Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24.    Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

## COUNT I  VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25.    Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

26.    Defendant denies the allegations in Paragraph 26 as they call for a legal conclusion.

27.    Answering Paragraph 27, Defendant admits that as a part of its business practice it engages in the collection of debt.  Except as specifically admitted to herein, Defendant denies all remaining allegations in Paragraph 27.

28.    Answering Paragraph 28, Defendant admits that as a part of its business practice it engages in the collection of debt.  Except as specifically admitted to herein, Defendant denies all remaining allegations in Paragraph 28.

29.    Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

### a.  Violations of FDCPA §1692c(a)(1) and §1692d

30.    Paragraph 30 of Plaintiff's Complaint does not contain any affirmative allegations against Defendant.  Therefore, Defendant is not required to respond to this paragraph.  If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies same above.

31.    Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32.    Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint.

**b. Violations of FDCPA § 1692e**

33.    Paragraph 33 of Plaintiff's Complaint does not contain any affirmative allegations against Defendant.  Therefore, Defendant is not required to respond to this paragraph.  If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies same above.

34.    Paragraph 34 of Plaintiff's Complaint does not contain any affirmative allegations against Defendant.  Therefore, Defendant is not required to respond to this paragraph.  If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies same above.

35.    Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

**c. Violations of FDCPA § 1692f**

36.    Paragraph 36 of Plaintiff's Complaint does not contain any affirmative allegations against Defendant.  Therefore, Defendant is not required to respond to this paragraph.  If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies same above.

37.    Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.    Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

Answering the unnumbered paragraph following Paragraph 38,  Defendant denies that Plaintiff is entitled to any damages against Defendant.

/ / /

/ / /

5

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

39.     Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

40.     Paragraph 40 of Plaintiff's Complaint does not contain any affirmative allegations against Defendant.  Therefore, Defendant is not required to respond to this paragraph.  If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies same above.

41.     Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43.     Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies the allegations in Paragraph 45 of Plaintiff's Complaint.

Answering the unnumbered paragraph following Paragraph 45, Defendant denies that Plaintiff is entitled to any damages against Defendant.

## COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

46.     Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

47.     Defendant denies the allegations in Paragraph 47 as they call for a legal conclusion.

6

48.     Defendant denies the allegations in Paragraph 48 as they call for a legal conclusion.

49.     Answering Paragraph 49, Defendant admits that as a part of its business practice it engages in the collection of debt.  Except as specifically admitted to herein, Defendant denies all remaining allegations in Paragraph 49.

**a. Violations of RFDCPA § 1788.10 – 1788.17**

50.     Paragraph 50 of Plaintiff's Complaint does not contain any affirmative allegations against Defendant.  Therefore, Defendant is not required to respond to this paragraph.  If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies same above.

51.     Defendant denies the allegations in Paragraph 51 of Plaintiff's Complaint.

52.     Defendant denies the allegations in Paragraph 52 of Plaintiff's Complaint.

Answering the unnumbered paragraph following Paragraph 52,  Defendant denies that Plaintiff is entitled to any damages against Defendant.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE ALLEGATION
### (Failure to State Cause of Action)

1.      Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2.      Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, are barred by the applicable statutes of limitations.

/ / /

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRD AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

3.     Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

4.     As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant is barred by the conduct, actions, and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

5.     Plaintiff is barred from maintaining the Complaint and each purported cause of action alleged therein against Defendant as a result of unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based.

## SIXTH AFFIRMATIVE DEFENSE
### (Compliance with Statute)

6.     The conduct of Defendant at all times complied with all applicable statutes, regulations and laws. Accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

/ / /
/ / /
/ / /
/ / /

## SEVENTH AFFIRMATIVE DEFENSE

### (Actions Were Proper)

7.       As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any law, including provisions of 15 U.S.C. § 1692 *et seq.*, 47 U.S.C. § 227 *et seq.* and Cal. Civ. Code § 1788 *et seq.*

## EIGHTH AFFIRMATIVE DEFENSE

### (No Intentional or Reckless Conduct)

8.      As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff.  Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

9.      Plaintiff is barred by the doctrine of laches from pursuing his Complaint and each purported cause of action alleged therein against Defendant by reason of his inexcusable and unreasonable delay in filing his Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

10.     As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Conduct of Third Parties)

11.     As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any,

were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

12.     As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails as a matter of law due to lack of standing to bring an action.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

13.     As a separate, affirmative defense, Defendant asserts that it substantially complied with the requirements of the statutes at issue.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

14.     As a separate, affirmative defense, Defendant asserts that Plaintiff suffered no actual damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Offset)

15.     Any damages that Plaintiff may recover against Defendant in this action must be offset against all amounts owed to Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

16.     Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted, Defendant alleges that it acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably

available to the answering Defendant. Accordingly, Plaintiff is barred from any recovery in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

17.    As a separate, affirmative defense, assuming arguendo that Defendant violated a statute alleged in the Complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Purpose)

18.    As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose.  Further, Defendant acted in good faith in the honest belief that the acts, conduct, and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

## NINETEENTH AFFIRMATIVE DEFENSE

### (FDCPA, RFDCPA and TCPA Damages are Limited)

19.    As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. § 1692, *et seq.*, 47 U.S.C. § 227, *et seq.* and Cal. Civ. Code § 1788, *et seq.*

## TWENTIETH AFFIRMATIVE DEFENSE

### (Damages Not Specific)

20.    Plaintiff's Complaint fails to state a cause of action against Defendant because it does not plead special damages with sufficient particularity.

*/ / /*

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Actions were Privileged and Justified)

21.    As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant, is barred because Defendant was privileged and justified, by statute and by common law, in making the alleged statements and representations, if any.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Maintained Reasonable FDCPA, RFDCPA and TCPA Procedures)

22.    As a separate, affirmative defense, Defendant alleges that at all times alleged in the Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violation of the FDCPA, RFDCPA and TCPA.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Consent)

23.    If any acts or omissions of the Defendant are proved, which the Defendant expressly denies occurred, then such acts or omissions were authorized, approved, condoned, or ratified by Plaintiff, and done with the consent, express and implied, of Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Arbitration)

24.    As a separate affirmative defense, Defendant reserves the right to compel arbitration pursuant to its enforceable agreement with Plaintiff.

## TWENTY FIFTH-AFFIRMATIVE DEFENSE
### (No ATDS or Artificial or Prerecorded Voice)

25.    As a separate, affirmative defense, Defendant asserts that any alleged calls by Defendant to Plaintiff were not made by an automatic telephone dialing system or an artificial or prerecorded voice.

/ / /

## **RESERVATION OF RIGHTS**

Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

## **DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the court deems just and equitable.

Dated: September 22, 2020             CARLSON & MESSER LLP

s/ David J. Kaminski
David J. Kaminski
Calvin W. Davis
Attorneys for Defendant,
MIDWEST RECOVERY SYSTEMS, LLC

13

## <u>CERTIFICATE OF SERVICE</u>

I, David J. Kaminski, hereby certify that on this 22nd day of September, 2020, a true and accurate copy of the foregoing Answer to Complaint was filed through the ECF system, which will send notification of such filing to the e-mail addresses associated with this case.

/s/David J. Kaminski
David J. Kaminski

14

ANSWER TO COMPLAINT
CASE NO. 5:20-cv-01302-CBM-SP